# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re* **H.G. and K.G.**

**No. 18-0773** (Roane County 17-JA-133 and 17-JA-134)

**FILED**

**March 15, 2019**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Custodian D.R., by counsel Marc A. Moore, appeals the Circuit Court of Roane County's July 25, 2018, order terminating her custodial rights to H.G. and K.G.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Mindy M. Parsley, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Betty Clark Gregory, filed a response on behalf of the children in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in denying her motion for a post-adjudicatory improvement period and finding no reasonable likelihood that she could substantially correct the conditions of abuse and neglect in the near future.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In December of 2017, the DHHR filed an abuse and neglect petition alleging that petitioner, custodian[2] of the children, and the children's father failed to provide necessary food, clothing, shelter, and supervision for the children. Specifically, the DHHR alleged that the home was in a deplorable and dangerous condition. A Child Protective Services ("CPS") worker observed "excessive clutter, prescription bottles and animal waste strewn throughout the home." The DHHR further alleged that a bathroom was used to keep chickens and one bedroom was used to house cats. The children did not have a proper bedroom and slept on a couch. The CPS worker reported "an overwhelming odor of animal . . . feces" in the home. Additionally, in December of 2017, the children were sent home from school with head lice. The DHHR alleged that the condition of the home caused the children emotional trauma. The children reported that they were embarrassed by the way their clothes smelled and that showering did not help

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

[2]The children lived with petitioner and the father at the time the petition was filed.

1

eliminate the smell. They were also embarrassed that they were sent home from school for having lice. The CPS worker also observed "excessive clutter outside the family home that caused safety hazards" to the children.

Subsequently, an amended petition was filed to include allegations that the father has a substantial criminal history in both Ohio and Pennsylvania and that he made numerous harassing and threatening social media posts regarding the removal of the children. Additionally, the DHHR alleged that his parental rights to at least one other child were involuntarily terminated. Further, the amended petition alleged that petitioner's parental rights to a disabled son were involuntarily terminated in Kanawha County, West Virginia, due, in part, to allegations of sexual abuse. On January 29, 2018, petitioner stipulated to the allegations of abuse and neglect. Petitioner moved for a post-adjudicatory improvement period. In April of 2018, petitioner's counsel withdrew due to a conflict and new counsel was appointed.

On June 4, 2018, the circuit court held a dispositional hearing. The DHHR presented photographic evidence of the condition of the home, specifically the bathroom used to keep chickens. The photographs showed that the bathroom contained chicken cages stacked from floor to ceiling and layers of chicken waste covered the room. Petitioner testified that the children's bedroom was used to house nine or ten cats. She admitted that the house was cluttered and smelled of animal urine at the time the children were removed, but claimed that the home was subsequently cleaned. The DHHR also presented evidence regarding petitioner's psychological evaluation. According to the evaluation, petitioner was found to have borderline intellectual functioning and an unspecified personality disorder. The psychological evaluation also indicated that petitioner "acknowledged her history of having a squalid home, saying she wasn't good at cleaning . . . ." Additionally, due to her "significant dysfunctional behaviors" which likely included animal hoarding, her prognosis for improvement was deemed by the psychological evaluation to be "extremely poor." After hearing evidence, the circuit court denied petitioner's motion for a post-adjudicatory improvement period and found that petitioner failed to show that the circumstances from her prior termination improved enough to allow the children to safely reside with her. Further, the circuit court found no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect in the near future and that the termination of petitioner's custodial rights was necessary for the children's welfare. The circuit court specifically stated in its dispositional order that petitioner lacked the capacity to solve the issues of abuse and neglect, even with help. Ultimately, the circuit court terminated petitioner's custodial rights in its July 25, 2018, dispositional order.[3] It is from this order that petitioner appeals.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the

---

[3]The father's parental rights were also terminated. The children's mother voluntarily relinquished her parental rights. According to respondents, the permanency plan for the children is adoption by their maternal aunt.

facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Upon our review, this Court finds no error in the proceedings below.

On appeal, petitioner first argues that the circuit court erred in denying her motion for a post-adjudicatory improvement period. Petitioner claims that she "successfully completed many services and has made so many improvements during the pendency of this case, she may have done much more than the average parent who is deemed to have substantially complied with an improvement period." However, petitioner's assertion is not supported by the record.[4] Therefore, we do not find her argument compelling.

Pursuant to West Virginia Code § 49-4-610(2)(B), "a court may grant a respondent an improvement period of a period not to exceed six months when . . . the respondent demonstrates, by clear and convincing evidence, that the respondent is likely to fully participate in the improvement period." Additionally, "West Virginia law allows the circuit court discretion in deciding whether to grant a parent an improvement period." *In re M.M.*, 236 W. Va. 108, 115, 778 S.E.2d 338, 345 (2015).

Here, petitioner failed to demonstrate by clear and convincing evidence that she would be likely to fully participate in an improvement period. The circuit court found that petitioner failed to make any improvements during the proceedings. Further, petitioner's psychological evaluation showed that she had "significant dysfunctional behaviors" and had an "extremely poor" prognosis for improvement. Additionally, pursuant to West Virginia Code § 49-4-604(b)(7)(C),

---

[4]While petitioner claims that she participated in services, petitioner fails to make any citations to the record and there are no documents in the record to corroborate her assertion in violation of Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure. This rule states as follows:

The argument must contain appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal. The Court may disregard errors that are not adequately supported by specific references to the record on appeal.

due to the prior involuntary termination of her parental rights to another child, the DHHR was not required to make reasonable efforts to preserve the family. Based on this evidence, we find no error in the circuit court's denial of petitioner's motion for a post-adjudicatory improvement period.

Next, petitioner argues that the circuit court erred in finding that there was no reasonable likelihood that she could substantially correct the conditions of abuse and neglect in the near future. In support, petitioner alleges that the circuit court misinterpreted the psychological evaluation and relied heavily on the evaluation in its decision to terminate petitioner's custodial rights. However, we find no error in the circuit court's finding that there was no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect in the near future.

West Virginia Code § 49-4-604(c)(3) provides that a situation in which there is no reasonable likelihood that the conditions of abuse and neglect can be substantially corrected includes one in which the abusing custodian "ha[s] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts of social, medical, mental health or other rehabilitative agencies designed to reduce or prevent the abuse or neglect of the child." The evidence previously discussed also supports the circuit court's finding that there was no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect in the near future. Petitioner also argues that the psychological evaluation was performed four months prior to the dispositional hearing and that she "had beaten the prognosis estimated by her psychological evaluation by the time of the dispositional hearing almost four months later." However, this assertion is not supported by the record. As discussed, petitioner failed to make any improvements during the proceedings and had an "extremely poor" prognosis for improvement. Further, the circuit court specifically found that petitioner failed to make any improvements after her prior involuntary termination and that she failed to demonstrate that she could solve the issues of abuse and neglect on her own or with help. Based on this evidence, it is clear that there was no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect in the near future. Additionally, due to the neglect and emotional harm to the children, the circuit found that the termination of petitioner's custodial rights was necessary for the children's welfare. West Virginia Code § 49-4-604(b)(6) provides that circuit courts are to terminate custodial rights upon findings that there is "no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination is necessary for the children's welfare. Therefore, we find no error in the circuit court's decision to terminate petitioner's custodial rights.

For the foregoing reasons, we find no error in the decision of the circuit court, and its July 25, 2018, dispositional order is hereby affirmed.

Affirmed.

**ISSUED**: March 15, 2019

4

**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison